IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLPET, LLC, | : | 1:09-cv-1556 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| MIDWESTERN PET FOODS, INC., | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

## December 16, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is a Motion to Transfer Venue filed by Defendant Midwestern Pet Foods, Inc. ("Defendant") on October 20, 2009 ("the Motion"). (Doc. 7). Defendant moves the Court to transfer this action to the United States District Court for the Southern District of Indiana. For the reasons that follow, the Motion shall be granted.

## I.  PROCEDURAL BACKGROUND

Plaintiff WellPet, LLC ("Plaintiff" or "WellPet") commenced this action for copyright infringement, trade dress infringement under the Lanham Act, and common law trademark infringement and unfair competition claim by filing a

Complaint in this court on August 13, 2009. (Doc. 1). Plaintiff alleges that Defendant's packaging for its Earthborn Holistic pet food infringes Plaintiff's trademarks, trade dress, and copyrights with respect to its Wellness Super5Mix pet food packaging.

On October 20, 2009, Defendant filed the instant Motion. (Doc. 7). The Motion has been fully briefed by the parties and is therefore ripe for our review.

## II.  STANDARD OF REVIEW

In considering a motion to transfer a civil action to another federal district, the applicable legal standard is "the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the court must first determine whether the action could have been brought in the transferee forum and, if so, then the court must balance several private and public interest factors. See High River Ltd. P'ship v. Mylan Labs, Inc., 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005). Factors to be considered in determining a motion to transfer include the plaintiff's choice of forum, interests of the litigants, ease of access to sources of proof, costs of obtaining attendance of witnesses and judicial economy. See Gulf Oil v. Gilbert, 330 U.S. 501, 508-509 (1947)  As a general rule, "the plaintiff's choice of venue should not lightly be disturbed." Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995).

Section 1404 vests a court with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Sandvick AB v. Rockmore Int'l, Inc., 2005 U.S. Dist. LEXIS 31584, *4 (M.D. Pa. Nov. 28, 2005).

### III. DISCUSSION

The Defendant moves this Court to transfer the instant action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1404(a). Under the aforementioned standard for transferring civil actions, we are first tasked to determine whether this action could have been brought in the United States District Court for the Southern District of Indiana at the time it was brought in this Court. However, our inquiry on this point ends before it begins, as the parties do not dispute that this action could have been properly initiated in Indiana. As a result, we must turn to a determination of whether the balancing of factors associated with transfer pursuant to §1404(a) warrant a transfer of this action to the Southern District of Indiana.

In a Section 1404(a) analysis, the burden is on the movant to show that "all relevant things considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001)(internal quotations omitted). Accordingly, we shall turn to the factors that inform our analysis on the

instant Motion.

The first relevant touchstone in our analysis is the plaintiff's choice of forum. Here, Plaintiff chose the Middle District of Pennsylvania as its forum, and ordinarily that choice is afforded great weight in deciding a motion to transfer. However, a plaintiff's choice of forum is given less deference where the plaintiff chooses a forum outside of its state of residence. See EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (citing Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)); see also Samsung SDI, Co., Ltd. v. Matsushita Electrical Industrial Co., Ltd., 524 F. Supp. 2d 628, 631 (W.D. Pa. 2006). As the parties note, Plaintiff is a Delaware company with its principal place of business in Massachusetts. (Compl., ¶ 1). Thus, while Plaintiff's choice of forum is given some credit in our analysis, this choice is clearly <u>not</u> dispositive, nor is it entitled to great deference because Plaintiff is not a resident of Pennsylvania.[1]

Next we turn to the Defendant's argument that the operative facts underlying this case took place almost exclusively in Indiana, thus favoring the

---

[1] Plaintiff states that it chose the Middle District of Pennsylvania for several reasons, including: 1) intellectual property counsel is located in the Middle District of Pennsylvania and the investigation of the infringement was in the Middle District of Pennsylvania; 2) all third party witnesses (investigators, sales personnel and store managers) are located in the Middle District of Pennsylvania; and 3) this District is located between the corporate offices of Plaintiff and Defendant, "making it a reasonable forum for the parties to split costs of the matter." (Doc. 16).

Southern District of Indiana as the appropriate forum. As the parties properly concede, in trademark infringement and unfair competition claims, the "wrong" is considered to have occurred where the "passing off" occurs (i.e. where the infringing product is sold), thus the action can properly be brought in this District because the alleged infringing product was sold here. But as the Defendant states, the alleged infringing product is sold nationwide. (Doc. 17, p. 7). Therefore, based on the situs of the "wrong," this action could have been brought in many of the United States' district courts, and thus we shall not place great weight on this factor in our analysis. Accordingly, we find that, as the Defendant argues, the fact that many, if not all, of the decision-making regarding the alleged infringing pet food packing occurred at Defendant's headquarters in Indiana militates in favor of transfer to Indiana.[2]

Plaintiff asserts that "virtually all third party witnesses (investigators, sales personnel and store managers) are located within the Middle District." (Doc. 16, p. 5). However, it is the Court's view that both sales personnel witnesses and store manager witnesses are readily interchangeable, inasmuch as these types of witnesses are likely going to testify regarding the sale of the alleged infringer's

---

[2] We note that it is quite likely that many of Defendant's witnesses will be employees that work in and reside near the Indiana facility.

product in their store.  With regards to investigators, as the Defendant correctly points out, those types of witnesses have likely been hired by the Plaintiff or Plaintiff's counsel, thus the concern that they might be outside the subpoena power of the Indiana court is merely a red herring.

Finally, it is important to note that Plaintiff has essentially conceded that the Middle District of Pennsylvania is an *inconvenient* forum for both parties, and thus the action should be maintained here.[3]  A fair reading of Plaintiff's brief makes plain the singular compelling reason that this action was commenced here, and that is the location of Plaintiff's counsel.[4]  When this fact is contrasted with the apparent inconvenience of this forum to the Defendant, Plaintiff's choice of forum simply cannot be maintained.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, we shall grant the Defendant's Motion and transfer this action.  An appropriate Order shall issue.

---

[3] Plaintiff states "this Court and Midwestern's headquarters are not so far apart to make travel to the Middle District particularly burdensome."  (Doc. 16, p. 16).

[4] The fact that Plaintiff's counsel are known to us as splendid and most able practitioners in matters involving intellectual property simply does not carry the day for their client, given that all other indicators in this case point to transfer.


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLPET, LLC, | : | 1:09-cv-1556 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| MIDWESTERN PET FOODS, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

**December 16, 2009**

In conformity with the Memorandum issued on today's date, it is hereby

**ORDERED** that:

1. The Motion to Transfer Venue by Defendant Midwestern Pet Foods, Inc. (Doc. 7) is **GRANTED.**

2. The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Southern District of Indiana.

3. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge